# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIA NOORAZAR,<br><br>                         Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC, et al.,<br><br>                        Defendants. | Case No.: 18-CV-02472 W (JLB)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO REMAND [DOC. 11]; AND**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [DOC. 11]** |

      Defendant BMW of North America, LLC removed this action from the San Diego Superior Court on October 26, 2018. (*Notice of Removal* [Doc. 1].) Plaintiff now moves to remand and for attorneys' fees. (*Pl.'s Mot.* [Doc. 11].) Defendant opposes. (*Def.'s Opp'n* [Doc. 17].) The Court decides the matters on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, Plaintiff's motions will be denied.

//

//

//

1

## I. BACKGROUND

On September 27, 2018, Plaintiff brought this action against BMW of North America, LLC ("BMW NA") in the San Diego Superior Court, alleging violations of California state law. (*Notice of Removal* [Doc. 1] ¶ 1; *Compl.* [Doc. 1-3].)

Plaintiff is a California citizen. (*Notice of Removal* [Doc. 1] ¶ 13.) BMW NA is a Delaware LLC, the sole member of which is BMW (US) Holding Corp., a Delaware corporation with its principal place of business in New Jersey. (*Id.* [Doc. 1] ¶ 14.) Thus, at the time of the filing of the original complaint, complete diversity of citizenship existed between the parties. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").

On October 15, 2018, Plaintiff filed an amended complaint that joined Hendrick Co Automotive, LLC ("HCA") as a defendant. (*Myers Decl.* [Doc 11-1] ¶ 4.) HCA is a North Carolina corporation with its principal place of business in California, making it a citizen of both North Carolina and California. (*Id.* [Doc. 11-1] ¶ 5; *Pl.'s Mot.* [Doc 11] 4:18–20.) 28 U.S.C. § 1332(c). The addition of HCA destroyed complete diversity of citizenship as to the amended complaint. However, Plaintiff failed to serve this amended complaint on either BMW NA or HCA until November 13 and 14, 2018, respectively. (*Myers Decl.* [Doc. 11-1] ¶¶ 7–8.)

On October 26, 2018, BMW NA removed the original complaint—the only complaint that had been served on it—on the basis of diversity of citizenship. (*Notice of Removal* [Doc. 1].)

Plaintiff now moves to remand, arguing that the amended complaint became operative prior to service, and that as a result complete diversity did not exist at the time of removal. (*Pl.'s Mot.* [Doc 11] 4:3–25.)

Plaintiff also moves for attorney's fees, costs, and expenses associated with removal. (*See Pl.'s Mot.* [Doc 11] 5:1–24.)

For the reasons that follow, the motion is without merit.

2

## II. LEGAL STANDARD

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332(a)(2). " 'Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.' " In re Hunter, 66 F.3d 1002, 1005 (9th Cir. 1995) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)).

The party seeking to invoke removal jurisdiction bears the burden of supporting its jurisdictional allegations with competent proof. See Gaus v. Miles. Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). "The propriety of removal . . . depends on whether the case originally could have been filed in federal court." Chicago v. International College of Surgeons, 522 U.S. 156, 163 (1997); see 28 U.S.C. § 1441(a).

There is a "strong presumption" against removal jurisdiction, and the defendant always bears the burden of establishing the propriety of removal. See Gaus, 980 F.2d at 566 (internal quotation omitted); Nishimoto v. Federman-Bachrach & Associates, 903 F.2d 709, 712 n.3 (9th Cir. 1990) (internal citation omitted).

## III. DISCUSSION

### A. Motion to Remand

Plaintiff moves to remand on the apparent basis that his amended pleading, filed before removal but not served until well after, divested the Court of subject matter jurisdiction.[1] (*Pl.'s Mot.* [Doc. 11] 4.)

---

[1] The entire argument is two paragraphs long. It comprises less than one page. (*Pl.'s Mot.* [Doc. 11] 4.)

Ninth Circuit and California law are both clear that "after amendment the original pleading no longer performs any function and is 'treated thereafter as non-existent.' " See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), *overruled in part on other grounds by* Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012)); see also Viera v. Viera, 107 Cal. App. 2d 179, 180 (1951). However, California law requires service of an amendment on "the defendants affected thereby." Cal. Code Civ. Proc. § 471.5. In California, an amended pleading that changes the substance of the original does not become effective until service is effected upon the opposing side. *See* Changes in Substance, 5 Witkin, Cal. Proc. 5th Plead § 1244 (2008) ("Where the change is one of substance, the failure to serve is fatal."). "Even a party who previously defaulted is entitled to be served, for the amendment 'opens the default' and gives the defaulting party a new right to answer." Id.

In short, in California an amended complaint supersedes the original for the purpose of removal only when served upon the affected defendant. A contrary rule would vitiate the removal statute and allow for procedural manipulation. 28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

If an amended pleading superseded the original on filing, a plaintiff could strategically preclude removal by filing but not serving an amendment. The plaintiff could then wait in the hopes that the defendant would not discover the amendment within

30 days. Any removal of the original would be null and void. After 30 days, the case could never be removed. See 28 U.S.C. § 1446.

The Central and Northern Districts have consistently held that an amended complaint supersedes the original only when served on the opposing party. See Lewis v. QVC, Inc., 2017 WL 1423703, at *2–*3 (C.D. Cal. Apr. 20, 2017) (explaining this circumstance in detail); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1180 (C.D. Cal. 1998), *aff'd*, 248 F.3d 915 (9th Cir. 2001) ("As the Second Circuit concluded in Vesco, to hold that an amended complaint supersedes the original complaint when the amended complaint is filed 'would leave a case in a state of suspended animation in the interim between filing and service of the amended complaint, with the court perhaps even lacking personal jurisdiction over the defendant.' ") (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 669 (2d Cir. 1977)); Rangel v. Bridgestone Retail Operations, LLC, 200 F. Supp. 3d 1024, 1029 n.2 (C.D. Cal. 2016); Goel v. Coal. Am. Holding Co. Inc., 2011 WL 13128299, at *5 (C.D. Cal. May 19, 2011); Goldberg v. Cameron, 2015 WL 5316339, at *3 (N.D. Cal. Sept. 11, 2015), *aff'd*, 694 F. App'x 564 (9th Cir. 2017).

Plaintiff does not dispute that the amended pleading was not served on BMW NA until November 13, 2018—46 days after service of the original complaint, 29 days after the filing of the amended complaint, and 18 days after removal. (*Myers Decl.* [Doc. 11-1] ¶¶ 4, 7; *Notice of Removal* [Doc. 1] ¶ 5.) Defendant was operating on a 30-day timeline to remove the case, beginning on September 28, 2018 (the date of service of the original removable Complaint). (*Notice of Removal* [Doc. 1] ¶ 4.) 28 U.S.C. § 1446(b). If it did not remove by 30 days later, October 28, 2018, it would be unable to remove from that point forward. Even if there were a basis for removing the amended complaint, that pleading was not effective to supersede the original. The first complaint was still operative (and diverse) on removal. *See* Cal. Code Civ. Proc. § 471.5; Changes in Substance, 5 Witkin, Cal. Proc. 5th Plead § 1244 (2008) ("Where the change is one of substance, the failure to serve is fatal."); Doe v. Unocal Corp., 27 F. Supp. 2d at 1180; Strotek Corp. v. Air Transp. Ass'n. of Am., 300 F.3d 1129, 1131 (9th Cir. 2002)

5

("Federal removal jurisdiction . . . is determined (and must exist) as of the time the complaint is filed and removal is effected.").

The motion is meritless.

**B.     Attorneys' Fees**

As the motion to remand will be denied, so will the ancillary motion for attorneys' fees. (*Pl.'s Mot.* [Doc. 11] 5.)

IV.    CONCLUSION & ORDER

In light of the foregoing, Plaintiff's motion to remand is **DENIED.** [Doc. 11.]  The request for attorney's fees is **DENIED**. [Doc. 11.]

**IT IS SO ORDERED.**

Dated:  February 5, 2019

Hon. Thomas J. Whelan
United States District Judge